**COMMONWEALTH of Kentucky, Appellant,**

v.

**Ronald E. CHURCHWELL, Appellee.**

No. 96–CA–423–MR.

Court of Appeals of Kentucky.

Decided Dec. 13, 1996.

Ordered Published Feb. 7, 1997.

A.B. Chandler, III, Attorney General, Lana Grandon, Assistant Attorney General, Frankfort, for Appellant.

Mark Wettle, Louisville, for Appellee.

Before COMBS, EMBERTON and GUDGEL, JJ.

GUDGEL, Judge.

This is an appeal from an order entered by the McCracken Circuit Court in a criminal prosecution. Appellant Commonwealth of Kentucky contends that the trial court erred by dismissing a second-degree persistent felony offender (PFO) indictment against appellee. For the reasons stated hereafter, we agree. Hence, we reverse and remand.

Appellee was indicted in October 1995 on two charges of trafficking in a controlled substance, one charge of trafficking in less than eight ounces of marijuana, and one charge of being a first-degree PFO. Later, the trafficking in controlled substance

charges were dismissed, and the PFO charge was amended to second-degree PFO. Appellee then moved the court to dismiss the PFO charge, asserting that the remaining underlying charge of trafficking in marijuana was a misdemeanor which could not be enhanced to a felony, pursuant to KRS 218A.1421(2), by an earlier June 1995 conviction for trafficking in a controlled substance. The court agreed with appellee's contention, finding that since appellee had no prior convictions for trafficking in marijuana, his present trafficking in marijuana charge was not a "second or subsequent offense" for purposes of enhancement pursuant to KRS 218A.1421(2). Accordingly, the court dismissed the PFO charge and remanded the misdemeanor marijuana trafficking charge to the district court for trial. This appeal followed.

KRS 218A.1421 provides in pertinent part as follows:

(1) A person is guilty of trafficking in marijuana when he knowingly and unlawfully traffics in marijuana.

(2) Trafficking in less than eight (8) ounces of marijuana is:

(a) For a first offense a Class A misdemeanor.

(b) For a second or subsequent offense a Class D felony.

Moreover, KRS 218A.010(21) defines a "second or subsequent offense" in pertinent part as follows:

[T]hat for the purposes of this chapter an offense is considered as a second or subsequent offense, if, prior to his conviction of the offense, the offender has *at any time been convicted under this chapter,* or under any statute of the United States, or of any state relating to substances classified as controlled substances or counterfeit substances, except that a prior conviction for a nontrafficking offense shall be treated as a prior offense only when the subsequent offense is a nontrafficking offense. (Emphasis added.)

Appellee asserts that KRS 218A.1421(2)(b) applies only to prosecutions in which a defendant has previously been convicted of trafficking in marijuana. The Commonwealth, by contrast, asserts that the statute applies if a defendant has a record of any prior drug trafficking conviction pursuant to KRS Chapter 218A, or pursuant to some other state or federal law. Both parties cite to *Woods v. Commonwealth,* Ky., 793 S.W.2d 809 (1990), wherein the supreme court held that a drug trafficking conviction could not be enhanced by utilizing a prior conviction for possessing marijuana.

Unlike *Woods,* however, the instant prosecution does not involve the use of a drug possession conviction to enhance a drug trafficking conviction. Indeed, as quoted above, the definition statute specifically prohibits that type of enhancement. Instead, we are faced here with the issue of determining whether a misdemeanor marijuana trafficking charge may be punished as a felony pursuant to KRS 218A.1421(2) by utilizing a prior conviction for trafficking in a different type of illegal drug, or whether a felony conviction under the statute may only be obtained by utilizing a prior conviction for trafficking in the same type of drug, i.e., marijuana.

As noted above, KRS 218A.1421(2)(b) permits a felony conviction on a marijuana trafficking charge if it is a "second or subsequent offense." Despite appellee's argument to the contrary the language of KRS 218A.010(21), which defines a "second or subsequent offense" as being one which occurs after any prior conviction under KRS Chapter 218 or any other state or federal law, clearly does not require the underlying prior drug trafficking conviction to be a conviction for trafficking in marijuana in order for it to be relied upon to enhance a subsequent conviction pursuant to KRS 218A.1421(2).

Moreover, we are not persuaded by appellee's assertion that the legislature's enactment of specific provisions which relate only to marijuana offenses evidences an intention that such offenses should be treated separately from other drug offenses for enhancement purposes. Indeed, a review of the other drug trafficking penalty statutes shows that each of those statutes, just like KRS 218A.1421, provides that a "second or subsequent offense" shall be enhanced to a felony classification which is one classification more serious than a first offense of trafficking in

the same drug. *See* KRS 218A.1412, KRS 218A.1413, and KRS 218A.1414. Moreover, other than the fact that KRS Chapter 218A may treat marijuana offenses somewhat more leniently than other drug offenses, the primary distinction between the various drug trafficking penalty statutes is that, unlike the others, the marijuana trafficking statute provides for graduated penalties depending upon the quantity of marijuana involved in a particular offense. Further, we note that were we to agree with appellee's assertion, then a defendant who was twice convicted of trafficking in a single marijuana cigarette would face an enhanced penalty, while another defendant who was convicted of trafficking up to eight ounces of marijuana, after having previously been convicted of multiple counts of trafficking in large quantities of other types of drugs, would not face an enhanced penalty pursuant to KRS Chapter 218A. We are unwilling to conclude that such an inconsistent result was intended by the legislature when enacting KRS 218A.1421(2).

■ We hold, therefore, that when determining whether a conviction for trafficking in marijuana constitutes a second or subsequent offense for purposes of KRS 218A.1421(2), no distinction should be made between prior convictions for trafficking in marijuana and prior convictions for trafficking in other illegal drugs. Hence, we conclude that the trial court erred by finding that appellee's June 1995 conviction for trafficking in a controlled substance was not a prior offense for enhancement purposes pursuant to KRS 218A.1421(2), and by dismissing the PFO indictment on that ground.

The court's order is reversed and remanded for further proceedings consistent with the views expressed in this opinion.

All concur.