James Marcellus **GRAY**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 97–SC–339–MR.

Supreme Court of Kentucky.

Oct. 15, 1998.

Julie Namkin, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for Appellant.

A.B. Chandler, III, Attorney General, State Capital, Vickie L. Wise, Criminal Appellate Division, Office of Attorney General, Frankfort, for Appellee.

**OPINION**

LAMBERT, Chief Justice.

Appellant, James Marcellus Gray, was convicted in Christian Circuit Court of three counts of first-degree trafficking in a Schedule II controlled substance (cocaine), second offense, and of being a persistent felony offender in the second degree. The jury recommended a sentence of twenty years imprisonment on each of the three trafficking charges and seventy years on the PFO II conviction. The court imposed a final judgment sentencing appellant to seventy years. Appellant now appeals to this Court as a matter of right. Ky. Const. § 110(2)(b).

On August 1 and 23, 1996, the Pennyrile Narcotics Task Force utilized a confidential informant to purchase quantities of crack cocaine from appellant. These "buys" took place in the informant's home, which had been wired with a transmitter and an audio-tape machine and was under surveillance by members of the Task Force.

The transaction that occurred on August 1, 1996, is not in issue on this appeal and shall only be discussed as is necessary to show factual similarities between the two different sale dates. On that date (August 1), appellant came to the residence of the informant for the purpose of selling crack cocaine. The informant had told appellant the she wanted to purchase approximately $600.00 worth of cocaine on that date (this amount had been given to the informant by the Task Force for this purpose). Appellant had only $200.00 worth of cocaine with him on that occasion, and thought that the informant was lying about having $600.00. When he saw that the informant did have the money she claimed, appellant left to obtain a larger stock of drugs. He returned approximately 15 minutes later and completed the sale for the entire amount.

On August 23, 1996, the informant had again been given $600.00, which was to be used to purchase the cocaine from appellant. Appellant again arrived at the residence with only $200.00 worth of crack cocaine. A sale of this quantity was completed, and appellant left to get more drugs. Appellant returned approximately 17 minutes later, at which time the informant purchased approximately $400.00 worth of crack cocaine from him.

### I. Double Jeopardy

Appellant's first claim of error is that he was twice placed in jeopardy for the same offense when he was convicted of two counts of trafficking in cocaine based upon a single sale in violation of the double jeopardy prohibitions of the United States and Kentucky Constitutions. In support of this claim, appellant contends that the two sales made on August 23, 1996, were part of a continuing course of conduct and not two distinct events. Thus, under KRS 505.020, the Commonwealth is precluded from charging him with two separate counts of trafficking.

The determinative issue is whether drug sales between the same persons at different times on the same date violate double jeopardy and constitute multiple punishment. In *Commonwealth v. Burge*, Ky ., 947 S.W.2d 805, 811 (1996), this Court announced a return to the *Blockburger v. United States* analysis in double jeopardy cases. We noted in *Burge* that "double jeopardy does not occur when a person is charged with two crimes arising from the same course of conduct, as long as each statute 'requires proof of an additional fact which the other does not.'" *Id.* at 809 (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932)). Furthermore, KRS 505.020(1) states that "[w]hen a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense."

■ In the case at bar, the second transaction on August 23 did occur on the same date as the first and did involve the same type of substance, cocaine. Yet the second transaction occurred at a different time and resulted in the transfer of a separate quantity of cocaine. As such, the second transaction was separate and distinct and did not result in an unconstitutional prosecution.

### II. Improper Enhancement

Appellant next claims that the Commonwealth improperly split a prior felony conviction into two components to enhance his conviction to both a subsequent trafficking offender and a persistent felony offender ("PFO"). The prior conviction of which appellant speaks is a 1995 conviction for two counts of trafficking in cocaine. Appellant argues that these two counts merged into a single felony for enhancement purposes. *See* KRS 532.080(4).

The procedural background of the prior conviction is significant to the resolution of appellant's claim. Appellant was indicted on two separate occasions in 1995 for trafficking in cocaine. One offense occurred on January 1, 1994, and the other occurred on May 12, 1994. Appellant entered a plea of guilty on each offense and was sentenced to concurrent terms of five years for a total of five

years imprisonment. Appellant pled guilty to both crimes on the same date (February 15, 1995) and was sentenced on the same date (February 17, 1995), and a consolidated judgment imposing concurrent sentences was entered on February 17, 1995. However, the two offenses did not arise from the same action or from a continuous course of conduct. The offenses were originally charged in separate indictments and more than four months separated the crimes.

The PFO statute is applicable to violations of the Controlled Substance Act, even though the Act is outside the penal code and has its own sentencing structure including enhancement provisions. *Peyton v. Commonwealth,* Ky., 931 S.W.2d 451, 455 (1996)(citing *Harrison v. Commonwealth,* Ky.App., 842 S.W.2d 531 (1993)).[1] Moreover, Kentucky case law generally allows double enhancement, i.e ., a crime may be enhanced under both the Controlled Substances Act and the PFO statute. *Commonwealth v. Grimes,* Ky., 698 S.W.2d 836, 837 (1985). However, "[w]hen a single prior felony is used to create an offense or enhance a punishment of the second crime so created or enhanced, it may not be used again at that trial to prosecute the defendant under the PFO statute." *Grimes* at 837; *Eary v. Commonwealth,* Ky., 659 S.W.2d 198, 199–200 (1983); *Jackson v. Commonwealth,* Ky., 650 S.W.2d 250, 251 (1983); *Corman v. Commonwealth,* Ky.App., 908 S.W.2d 122, 123 (1995). To state this principle in other words, a single prior conviction cannot form the basis for enhancement under both the drug statute and the PFO statute.

In the case at bar, appellant had been convicted of two prior felonies which were used as the foundation for double enhancement. Appellant contends that these two prior felonies merged by virtue of the concurrent sentences into one conviction for PFO purposes pursuant to the following provision of the PFO statute:

> For the purpose of determining whether a person has two (2) or more previous felony convictions, *two (2) or more convictions of crime for which that person served concurrent or uninterrupted consecutive terms of imprisonment shall be deemed to be only one conviction,* unless one (1) of the convictions was for an offense committed while that person was imprisoned.

KRS 532.080(4)(emphasis added). Appellant also argues that the holding in *Howard v. Commonwealth,* 777 S.W.2d 888 (1989) supports his claim that his two prior felonies merged by virtue of the concurrent status and cannot therefore be split for the purposes of double enhancement.

In *Howard,* the defendant was convicted of drug trafficking as a subsequent drug offender and of being a PFO in the first degree. *Id.* at 888. The defendant also had been convicted of two prior felonies and a prior misdemeanor in 1983, the sentences of which were to be served concurrently. The two 1983 felonies, merged under KRS 532.080(4) for PFO purposes, formed part of the basis for the PFO I conviction, and the 1983 misdemeanor formed the basis for the subsequent offender enhancement under the drug statute. *Id.* at 889. The defendant argued that because the three prior sentences ran concurrently, all of the 1983 convictions merged for PFO purpose and could not then be split to obtain both PFO I and subsequent offender convictions.[2] The Court held that although the sentences for 1983 crimes had merged, the underlying convictions, except the two prior felonies for PFO purposes, had not. In upholding defendant's double enhancement, the Court asserted that the "1983 drug misdemeanor conviction, on the other hand, never merged with the 1983 convictions for any purpose, always stood alone, and was independently used to obtain the subsequent offender conviction." *Id.* But for the prior misdemeanor conviction, *Howard* would be on all fours with this case.

Although not stated directly, the holding in *Howard* implies that, once felony convictions are merged for PFO purposes,

---

1. A trial court, however, cannot sentence under both statutes, but must choose one or the other. *Peyton,* 931 S.W.2d at 455 (citing *Dawson v. Commonwealth,* Ky., 756 S.W.2d 935 (1988)).

2. It should be noted that the misdemeanor conviction was concurrent with the felony convictions by operation of law and not by judicial discretion. KRS 532.110(1)(a).

the convictions cannot then be split and used as the basis for further enhancement. An independent conviction is thus needed for subsequent drug offender enhancement. In other words, once felony convictions are merged for purposes of the PFO statute, then the convictions must remain merged. Once the PFO statute is applied, the statute and all its provisions must remain in force.

■ An application of the PFO statute requires merger of appellant's prior convictions for PFO purposes, and pursuant to *Howard*, these merged convictions cannot subsequently be divided for further enhancement purposes. Therefore, appellant's conviction was subjected to improper double enhancement in violation of KRS 532.080(4).

### III. Improper Comments by Prosecution

■ Appellant's final argument is that the prosecutor made improper comments during his closing arguments in both the guilt and penalty phases of the trial which amounted to prosecutorial misconduct. As there were no objections made, the trial court was not given the opportunity to pass upon the merits of these allegations which are not properly preserved for review. We must therefore decline to consider this challenge.

### Conclusion

For the foregoing reasons, the judgment of the Christian Circuit Court is affirmed, but due to the sentencing error identified hereinabove, this cause is remanded for correction of appellant's sentence in conformity herewith.

COOPER, GRAVES, JOHNSTONE, STEPHENS, STUMBO, and WINTERSHEIMER, JJ., concur.