James L. MORROW, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 1998–SC–0762–MR.

Supreme Court of Kentucky.

June 13, 2002.

Willie M. Neal, Jr., Neal & Associates, PSC, Radcliff, for Appellant.

A.B. Chandler, Attorney General, Matthew D. Nelson, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

KELLER, Justice.

## I. INTRODUCTION

A Jefferson Circuit Court jury found Appellant guilty of first degree trafficking in a controlled substance in violation of KRS 218A.1412. After the guilt/innocence phase verdict, Appellant waived jury sentencing. Pursuant to an agreement he negotiated with the Commonwealth, Appellant entered conditional guilty pleas which admitted that he was subject to penalty enhancement as both a KRS 218A.1412 "second or subsequent" offender and a second degree persistent felony offender under KRS 532.080(5). The trial court sentenced Appellant in accordance with the agreement to a thirty (30) year term of imprisonment. Appellant thus appeals to this Court as a matter of right.[1]

The single issue Appellant raises on appeal concerns the length of his sentence. Appellant argues that *Gray v. Commonwealth*[2] holds that his underlying trafficking offense could be enhanced under *either* KRS Chapter 218A or KRS 532.080(5), but not both, because his two prior felony trafficking convictions stemmed from the same indictment and a single final judgment. Appellant thus contends that his underlying Class C felony conviction could be enhanced for sentencing purposes only to a Class B felony with a permissible penalty range of between ten (10) and twenty (20) years imprisonment. Appellant argues that his thirty (30) year sentence falls outside the permissible penalty range.

## II. ANALYSIS

Although Appellant correctly notes that this Court reversed and remanded a similarly situated matter in *Gray*, "the doctrine of stare decisis does not commit us to the sanctification of ancient [or relatively recent] fallacy."[3] While we recognize this Court should decide cases "with a respect for precedent,"[4] this respect does not "require blind imitation of the past"[5] or unquestioned acceptance ad infinitum. Rather, in many ways, respect for precedent *demands* proper reconsideration when we find sound legal reasons to question the correctness of our prior analysis. After careful reconsideration of the *Gray* holding, we find that *Gray* both misinterpreted the primary authority upon which it relied and overlooked the separate provisions governing and policies

---

1. *See* Ky. Const. § 110(2)(b).

2. Ky., 979 S.W.2d 454 (1998).

3. *Hilen v. Hays*, Ky., 673 S.W.2d 713, 717 (1984).

4. *Id.*

5. *Id.* (quoting *Goetzman v. Wichern*, 327 N.W.2d 742 (Iowa 1983)).

underlying KRS Chapter 218A "second or subsequent offense" enhancement. Accordingly, we overrule *Gray v. Commonwealth* and hold that a defendant with two prior convictions for first degree trafficking in a controlled substance who is again convicted under that section can be sentenced within the penalty range for Class A felonies ("not less than twenty (20) years nor more than fifty (50) years, or life imprisonment"),[6] regardless of whether the sentences for the prior convictions were ordered to run concurrently within the same judgment. Such an offender is eligible for penalty enhancement as both a KRS Chapter 218A "second or subsequent" offender and as a second degree persistent felony offender. As Appellant appears to fit this profile,[7] we find that the trial court sentenced him appropriately and affirm the judgment of the Jefferson Circuit Court.

One of the ways in which the General Assembly has sought to deter drug crimes is by establishing more serious penalties for repeat offenders of the Kentucky Controlled Substances Act.[8] Thus, KRS 218A.1412(2)(b) directs that a defendant convicted of a "second or subsequent offense" of first degree trafficking in a con-

trolled substance will receive a penalty within the Class B felony penalty range of between ten (10) to twenty (20) years imprisonment.[9] KRS 218A.010(25) broadly defines "second or subsequent offense" to include a conviction at any prior time in any jurisdiction:

> "Second or subsequent offense" means that for the purposes of this chapter an *offense is considered as a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter, or under any statute of the United States, or of any state relating to substances* classified as controlled substances or counterfeit substances, except that a prior conviction for a nontrafficking offense shall be treated as a prior offense only when the subsequent offense is a nontrafficking offense....[10]

Within the Kentucky Penal Code, the General Assembly has established sentencing enhancement procedures for persistent felony offenders which authorize judges and juries to punish more severely those individuals who continue to commit felony crimes. KRS 532.080(2) outlines the elements for second degree persistent felony offender status[11] and KRS 532.080(5) au-

6. KRS 532.060(2)(a).

7. Because Appellant entered his conditional guilty plea to the enhancement provisions before the Commonwealth introduced its evidence during the PFO/Truth-in-Sentencing phase, the record in this case is somewhat incomplete. However, the post-conviction pleadings, as well as the parties' agreement regarding the nature of the prior convictions, allow us to reach the merits of Appellant's argument. We believe the better practice would be for defendants to enter into a stipulation as to the material facts prior to the conditional guilty plea.

8. *See Commonwealth v. Churchwell,* Ky.App., 938 S.W.2d 586, 587–8 (1997) ("[A] review of the other drug trafficking penalty statutes shows that each of those statutes ... provides

that a 'second or subsequent offense' shall be enhanced to a felony classification which is one classification more serious than a first offense of trafficking in the same drug." *Id.*).

9. KRS 218A.1412(2) ("Any person who violates the provisions of subsection (1) of this section shall: ... (b) For a second or subsequent offense be guilty of a Class B felony." *Id.*). *See also* KRS 532.060(2) ("The authorized maximum terms of imprisonment for felonies are: ... (b) For a Class B felony, not less than (10) years nor more than twenty (20) years." *Id.*).

10. KRS 218A.010(25) (emphasis added).

11. *See* KRS 532.080(2):

A persistent felony offender in the second degree is a person who is more than twen-

thorizes trial courts to impose enhanced sentences upon such offenders:

> A person who is found to be a persistent felony offender in the second degree shall be sentenced to an indeterminate term of imprisonment pursuant to the sentencing provisions of KRS 532.060(2) for the next highest degree than the offense for which convicted. A person who is found to be a persistent felony offender in the second degree shall not be eligible for probation, shock probation, or conditional discharge, unless all offenses for which the person stands convicted are Class D felony offenses which do not involve a violent act against a person, in which case probation, shock probation, or conditional discharge may be granted. A violent offender who is found to be a persistent felony offender in the second degree shall not be eligible for parole except as provided in KRS 439.3401.[12]

Differences between the two enhancement provisions indicate that the General Assembly had different purposes in mind for each. While KRS Chapter 218A contains no limit upon either the age at which a defendant may be subject to the "second or subsequent offense" enhancement or how old a defendant must be before a prior KRS Chapter 218A conviction can constitute a "second or subsequent offense," persistent felony offenders must be at least twenty-one (21) years old [13] and only those felony crimes committed after a defendant's eighteenth (18th) birthday can qualify as a previous felony conviction.[14] The age limitations in KRS 532.080 reserve PFO enhancement for more mature offenders who have failed previous attempts at rehabilitation.[15] While a defendant may be subject to KRS Chapter 218A penalty enhancement regardless of when the prior offense was committed,[16] KRS 532.080 exempts certain remote convictions from its definition of a previous felony conviction.[17]

---

ty-one years of age and who stands convicted of a felony after having been convicted of one (1) previous felony. As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:

(a) That a sentence to a term of imprisonment of one (1) year or more or a sentence to death was imposed therefor; and

(b) That the offender was over the age of eighteen (18) years at the time the offense was committed; and

(c) That the offender:

1. Completed service of the sentence imposed on the previous felony conviction within five (5) years prior to the date of commission of the felony for which he now stands convicted; or

2. Was on probation, parole, conditional discharge, conditional release, furlough, appeal bond, or any other form of legal release from any of the previous felony convictions at the time of commission of the felony for which he now stands convicted; or

3. Was discharged from probation, parole, conditional discharge, conditional

release, or any other form of legal release on any of the previous felony convictions within five (5) years prior to the date of commission of the felony for which he now stands convicted; or

4. Was in custody from the previous felony conviction at the time of commission of the felony for which he now stands convicted; or

5. Had escaped from custody while serving any of the previous felony convictions at the time of commission of the felony for which he now stands convicted.

**12.** KRS 532.080(5).

**13.** *See* KRS 532.080(2).

**14.** *See* KRS 532.080(2)(b).

**15.** *See* KRS 532.080 Official Commentary (Banks/Baldwin 1974).

**16.** *See* KRS 218A.010(25).

**17.** *See* KRS 532.080(2)(c).

While misdemeanor controlled substance offenses can lead to felony penalty enhancement under the Kentucky Controlled Substances Act,[18] only crimes for which "a sentence to a term of imprisonment of one (1) year or more or a sentence to death was imposed"[19] will allow PFO enhancement. The broader range of cases in which penalty enhancement is available under KRS Chapter 218A demonstrates the General Assembly's intent to deal more harshly with repeat controlled substance offenders.

■ Certainly, if Appellant had entered a guilty plea to only one count of first degree trafficking in a controlled substance, statutory and constitutional protections against double jeopardy would prevent the Commonwealth from using the one prior conviction for both Chapter 218A "second or subsequent offense" enhancement and for PFO enhancement.[20] However, in this case, the August 1992 judgment reflects that Appellant entered pleas of guilty to *two* counts of first degree trafficking in a controlled substance. In *Gray*, this Court addressed a factual situation virtually identical to the one now before this Court and reached the conclusion that enhancement under both Chapter 218A and KRS 532.080 was improper because KRS 532.080(4) "requires merger of appellant's prior convictions for PFO purposes, and ... these merged convictions cannot subsequently be divided for further enhancement purposes."[21] Upon reconsideration, we conclude that our analysis of this issue in *Gray* was incorrect.

In an "effort to avoid the label of persistent felony offender for persons who might be rehabilitated through an ordinary term of imprisonment for the offense most recently committed,"[22] KRS 532.080(4) provides that:

> For the purpose of determining whether a person has two (2) or more previous felony convictions, two (2) or more convictions of a crime for which that person served concurrent or uninterrupted consecutive terms of imprisonment shall be deemed to be only one (1) conviction, unless one (1) of the convictions was for an offense committed while that person was imprisoned.[23]

This subsection unquestionably deems Appellant's two felony convictions for first degree trafficking in a controlled substance to be one conviction "for the purpose of determining whether a person has two (2) or more previous felony convictions"—in other words, for the purpose of determining whether Appellant is a first degree persistent felony offender.[24] KRS 532.080(4), however, does not affect whether Appellant is subject to KRS Chapter 218A enhancement as a "second or subsequent" offender because KRS Chapter 218A's definition of "second or subsequent offense" includes offenders who have "*at any time* been convicted under this chapters."[25]

18. *See* KRS 218A.1414; KRS 218A.1416; 218A.1417; 218A.1423(3).

19. KRS 532.080(2)(a).

20. *See Commonwealth v. Grimes*, Ky., 698 S.W.2d 836, 837 (1985).

21. *Gray v. Commonwealth, supra* note 2 at 457.

22. KRS 532.080 Official Commentary (Banks/Baldwin 1974).

23. KRS 532.080(4).

24. *See* KRS 532.080(3) ("A persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands·convicted of a felony *after having been convicted of two (2) or more felonies." Id.* (emphasis added)).

25. KRS 218A.010(25) (emphasis added).

*Gray* relied almost exclusively upon its belief that *Howard v. Commonwealth*[26] implicitly held, without actually stating, that KRS 532.080(4)'s "merger" of felony convictions is irreversible.[27] However, both *Gray*'s premise and its conclusion were faulty—*Howard* contains no such holding, express or implied, and KRS Chapter 218A penalty enhancement always precedes PFO enhancement.[28]

In *Howard,* the appellant had been convicted in 1980 of a felony offense and, in 1983, of two felony offenses and a misdemeanor KRS Chapter 218A offense.[29] In 1988, Howard entered a conditional guilty plea to: (1) a new indictment for the felony offense of "second or subsequent" trafficking in a controlled substance which relied upon the prior 1983 misdemeanor conviction, and (2) being a first degree persistent felony offender.[30] On appeal, Howard argued that "since the sentences were run concurrently, all of his 1983 convictions merged for PFO purposes, and could not later be 'split' by the Commonwealth to obtain both PFO 1 and subsequent offender convictions."[31] This Court affirmed the trial court and emphasized that the KRS

532.080(4) "merger" occurs only for PFO purposes:

We believe the appellant is, proverbially speaking, comparing apples to oranges. The 1983 sentences merged, but the 1983 convictions, except the felonies for PFO purposes, did not. Appellant was convicted of a felony in 1980 and, in 1983, after being convicted of two felonies whose sentences were run concurrently, for purposes of being adjudicated a PFO 1, was convicted of *one more* felony. Those two felony convictions, along with the 1988 felony conviction, gave him the minimum number of felonies (three) to be convicted as a PFO 1. The 1983 felony convictions were merged for purposes of the PFO statute. The 1983 drug misdemeanor conviction, on the other hand, never merged with the 1983 felony convictions for any purpose, always stood alone, and was independently used to obtain the subsequent offender conviction.[32]

The *Gray* Court apparently felt that the *Howard* Court's holding turned on the fact that Howard's previous KRS Chapter

---

**26.** Ky., 777 S.W.2d 888 (1989).

**27.** *See Gray v. Commonwealth, supra* note 2 at 456–7:

Although not stated directly, the holding in *Howard* implies that, once felony convictions are merged for PFO purposes, the convictions cannot then be split and used as the basis for further enhancement. An independent conviction is thus needed for subsequent drug offender enhancement. In other words, once felony convictions are merged for purposes of the PFO statute, then the convictions must remain merged. Once the PFO statute is applied, the statute and all its provisions must remain in force. *Id.*

**28.** The *Gray* Court's belief that "once felony convictions are merged for PFO purposes, the convictions cannot then be split and used as the basis for further enhancement" ignores

the fact that KRS Chapter 218A "second or subsequent offender" enhancement will precede PFO enhancement and any KRS 532.080(4) "merger" will occur only after the factfinder sets a penalty on the repeat trafficking offense. *See* KRS 532.080(1); 1 Cooper, *Kentucky Instructions to Juries (Criminal)* § 12.25, Commentary (1999); *Id.* at § 12.35A; *Commonwealth v. Reneer,* Ky., 734 S.W.2d 794 (1987). As Chapter 218A "second or subsequent offense" enhancement is not "subsequent" to PFO enhancement, *Gray* relies upon a chronological error.

**29.** *See Howard v. Commonwealth, supra* note 26 at 888.

**30.** *Id.* at 888–9.

**31.** *Id.* at 889.

**32.** *Id.* (underlined emphasis added).

218A conviction was a misdemeanor and believed that the Court would have reached a different result if that prior conviction had been a felony.[33] The language of the opinion, however, contradicts that inference. The *Howard* Court recognized that the so-called "merger" provision contained at KRS 532.080(4) states only that felony convictions served concurrently or consecutively without interruption are counted as one prior conviction *for PFO purposes*. The alleged "implicit" holding is nowhere to be found, and, to the extent *Gray* rests upon this non-existent holding, we must overrule it.

## III. CONCLUSION

Because Appellant's prior criminal record contains two convictions for first degree trafficking in a controlled substance, the trial court properly sentenced him in accordance with both the KRS 218A.1412 "second or subsequent offense" enhancement and the KRS 532.080(5), second degree PFO enhancement. We therefore affirm the judgment of the Jefferson Circuit Court.

LAMBERT, C.J., COOPER, GRAVES, JOHNSTONE and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents by separate opinion.

STUMBO, Justice, dissenting.

I respectfully dissent from the majority opinion because I believe that *Gray v. Commonwealth*[1] should not be overturned and that the enhanced sentence for the subsequent drug convictions should instead have been amended. I disagree that a defendant can be assigned to the penalty range for Class A felonies regardless of whether the sentences for the prior convictions run concurrently within the same judgement. I agree with the Appellant's substantive argument that his prior felony conviction should not have been split in order to convict him of being a subsequent trafficking offender and also a persistent felony offender II.

*Howard v. Commonwealth*[2] implied that once felony convictions are merged for PFO purposes, the convictions cannot then be split and used as the basis for further enhancement.[3] But it was in *Gray* that we reached the conclusion that enhancement under both Chapter 218A and KRS 532.080 was improper. Thus an independent conviction is required for a subsequent drug offender enhancement.

However, the majority finds fault in *Gray*'s reliance upon *Howard*'s implicit holding that KRS 532.080(4)'s "merger" of felony convictions must remain merged and in force. The majority refers to this chain of precedent as "faulty" and denies that *Howard* contains such intention. A look at *Howard* will show otherwise.

In *Howard*, the Court stated the defendant was comparing "apples and oranges" in arguing against the splitting of his previous two felony convictions from one misdemeanor conviction.[4] However, had the misdemeanor been a felony, *Howard* would have turned out differently. KRS 532.080(4) provides that:

---

**33.** *Gray v. Commonwealth, supra* note 2 at 456 ("But for the prior misdemeanor conviction, *Howard* would be on all fours with this case." *Id.*).

**1.** Ky., 979 S.W.2d 454 (1998).

**2.** Ky., 777 S.W.2d 888 (1989).

**3.** *See Gray v. Commonwealth, supra* note 1 at 456–7.

**4.** *See Howard v. Commonwealth, supra* note 2 at 889.

For the Purposes of determining whether a person has two (2) or more previous felony convictions, two (2) <u>or more</u> convictions of a crime for which that person served concurrent or uninterrupted consecutive terms of imprisonment <u>shall be deemed to be only one (1) conviction,</u> unless one (1) of the convictions was for an offense committed while that person was imprisoned.[5]

Had Howard's misdemeanor been a felony, he would have had three felonies and would then be comparing apples and apples. He would have had "two *or more* convictions" that would have been "deemed to be only one conviction." Based upon that, the *Gray* Court was correct in deciding that *Howard* implicitly held that once felonies are merged, the convictions cannot be split.

Using this logic in *Gray,* we held that two prior felonies merged by virtue of the concurrent status and could not be split for the purposes of double enhancement.[6] There, the appellant was indicted for drug trafficking on two separate occasions, but pled guilty to both crimes on the same date. The trial court entered a consolidated judgment imposing concurrent sentences. Subsequently, the appellant was again charged with trafficking in a controlled substance. The Commonwealth split the previous conviction into two components to enable convictions as both a subsequent trafficking offender and a persistent felony offender. Because this is against the implicit holding of *Howard,* the split was not permitted and was overturned.

Here, just as in *Gray,* Morrow's first conviction resulted in a single final judgment from a single indictment, thus the two prior felonies have merged. There can be no distinction between this case and *Gray.*

The majority states that had Morrow entered a guilty plea to only *one count* of first degree trafficking in a controlled substance, he would have been protected by various statutes and the Constitution against attempts by the Commonwealth to use the conviction for both Chapter 218A "second or subsequent offense" enhancement and for PFO enhancement. However, the majority believed that because Morrow instead entered a plea of guilty to *two* counts, the two convictions can be split for enhancement purposes.

Yet, it is the majority who is now comparing apples and oranges. Morrow's two felony convictions are to be deemed as one conviction as per both *Gray* and KRS 532.080(4). As stated by the majority, Morrow is protected from attempts by the Commonwealth to use a single conviction for "second or subsequent offense" enhancement and for PFO enhancement. Because Morrow's two prior felonies have merged into each other by virtue of a single final judgment, he should thus receive these protections that the majority claim to be available to him.

As such, *Gray* should still be considered the leading precedent, and turning from it would be turning from the true intentions of *Howard.* Morrow's enhanced sentence should have been amended. Because we cannot assume that Morrow has no other prior convictions, this case should be remanded for a new sentencing hearing as per *Lockhart v. Nelson.*[7]

---

**5.** KRS 532.080(4) (underlined emphasis added).

**6.** *See Gray v. Commonwealth, supra* note 1.

**7.** 488 U.S. 33, 109 S.Ct 285, 102 L.Ed.2d 265 (1988).