RANDOLPH, Justice, Specially
Concurring.
¶ 15. I concur with Justice Dickinson’s well-reasoned opinion. However, I am compelled to address the proposed amendments to the Rules of the Mississippi Commission on Judicial Performance. Not only does Rule 6(B)(3) require amendment, but also in need of amendment are Rules 6(B)(2), 8(F) and 10(F), regarding private *732 reprimands or private admonishments. Private discipline is not an option constitutionally available for sanctioning judges. The Rules of the Mississippi Commission on Judicial Performance need clarification in order to reflect this truth.
¶ 16. Article 6, Section 177A of the Mississippi Constitution provides, “On recommendation of the commission on judicial performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state.” Private reprimands are not an option available for the discipline of judges. See In re Inquiry Concerning a Judge, 419 So.2d 145, 146 (Miss.1982) (“The first question is whether this Court may order restitution as recommended by the Commission. We answer the question no because restitution is not one of the sanctions permitted.”).
¶ 17. Article 6, Section 177A of the Mississippi Constitution additionally provides the circumstances under which a judge may be disciplined. A judge may be removed from office, suspended, fined or publicly censured or reprimanded for:
(a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character.
Miss. Const. art. 6, § 177A (emphasis added). Judges of this state are publicly elected officials, and if a judge commits one of the foregoing offenses, he or she should be publicly sanctioned.
Intrinsic to all sections of th[e] Code [of Judicial Conduct] are the precepts that judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system. The judge is an arbiter of facts and law for the resolution of disputes and a highly visible symbol of government under the rule of law....
Miss.Code of Judicial Conduct pmbl. Judges are subject to a higher standard. Since the public has placed its confidence in a particular justice or judge by elevating him or her to a revered office of public trust, the public has a constitutional right to know of that judge’s misdeeds. Not only is a nonpublic censure or reprimand a constitutionally unavailable option, no valid, articulable reason can be shown that a judicially created exception serves the public interest.
¶ 18. Therefore, in conjunction with amending Mississippi Commission on Judicial Performance Rules 6(B)(2), 8(F) and 10(F), this Court should apply the Constitution as written, and overrule all prior cases which imposed private reprimands against judges.[4] While the Court under *733 stands it is necessary for the bench, bar, and in this case, the Commission on Judicial Performance, to rely'on the principle of stare decisis, it is necessary that we overrule these cases to comport with the constitutional mandates under which we operate, and to remove an ill-advised cloak of secrecy.[5] Only then can the public make an informed decision, should the judge or justice further seek the approval of the electorate.
¶ 19. For the foregoing reasons, I submit that this Court should amend Mississippi Commission on Judicial Performance Rules 6(B)(2), 8(F) and 10(F) in order to reflect that private reprimands cannot be imposed upon judges.
CARLSON AND DICKINSON, JJ., JOIN THIS OPINION.

. See Miss. Comm’n on Judicial Performance v. Justice Court Judge T.T., 922 So.2d 781 (Miss.2006) (among other recommendations, the Commission recommended a public reprimand, and this Court adopted the Commission's recommendations in part but imposed a private reprimand); Miss. Comm’n on Judicial Performance v. Former Judge U.U., 875 sold 1083 (Miss.2004) (the Commission recommended a public reprimand, a fine of $500, and that Former Judge U.U. be assessed costs of the appeal in amount of $953.95, and this Court imposed a private reprimand and assessed the former judge the costs of the appeal in the amount of $953.95); Miss. Comm’n on Judicial Performance v. Blakeney, *733 905 So.2d 521 (Miss.2004) (the Commission recommended a public reprimand, and this Court imposed a private reprimand); Miss. Comm'n on Judicial Performance v. A Mun. Court Judge, 755 So.2d 1062, 1065 (Miss.2000) (Court issued a private reprimand after finding judge ordered three defendants to get married and set a bond for a defendant whom the judge represented in another matter); Miss. Comm’n on Judicial Performance v. Justice Court Judge, 580 So.2d 1259 (Miss.1991) (judge issued a private reprimand after he personally accepted fine monies because the justice court clerk was unavailable).

. “While the decision to overrule a precedent is a matter of judicial discretion, most state courts have required departures from stare decisis to be rooted in what the Connecticut Supreme Court described as ‘the most cogent reasons and inescapable logic.' ” Victor E. Schwartz, Cary Silverman & Phil Goldberg, Toward Neutral Principles of Stare Decisis in Tort Law, 58 South Car. L.Rev. 2, 328-29 (Winter 2006) citing City of Waterbury v. Town of Washington, 260 Conn. 506, 800 A.2d 1102, 1126 (2002) (quoting Rivera v. Comm’r of Corr., 254 Conn. 214, 756 A.2d 1264, 1286 (2000)). See also Morrow v. Commonwealth, 77 S.W.3d 558, 559 (Ky.2002) (stating that the doctrine of stare decisis does not commit the state supreme court "to the sanctification of ancient [or relatively recent] fallacy.”) (quoting Hilen v. Hays, 673 S.W.2d 713, 717 (Ky.1984)).