RENDERED:  MARCH 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0096-MR

EDWARD MCGREW                                                      APPELLANT

                         APPEAL FROM BALLARD CIRCUIT COURT
v.                  HONORABLE TIMOTHY A. LANGFORD, JUDGE
                             ACTION NO. 21-CR-00110

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE:  Edward McGrew appeals from a judgment reflecting a jury's verdict finding him guilty of first-degree trafficking in a controlled substance, second or subsequent offense.  We affirm.

The germane underlying facts are uncontested.  While driving from Arkansas to Illinois, McGrew's vehicle left the road in Ballard County, Kentucky.  When emergency personnel responded, they discovered a baggie in McGrew's sock containing approximately eighteen grams of methamphetamine.  McGrew

was indicted for several charges, including operating a motor vehicle under the influence of a controlled substance (DUI), having an improper registration plate, failure to produce an insurance card, and trafficking in a controlled substance in the first degree, second offense.

The charges progressed to a one-day jury trial. Early on in the trial, a deputy volunteered that McGrew had refused to take a blood test. That testimony was unquestionably inadmissible because McGrew had a constitutional right to refuse to voluntarily take a blood test. *Commonwealth v. McCarthy*, 628 S.W.3d 18 (Ky. 2021). McGrew sought a mistrial, but the trial court instead adopted a proposal by the Commonwealth to sever the DUI and traffic charges.

McGrew testified on his own behalf. He admitted he was a longtime methamphetamine addict who had intentionally possessed the methamphetamine found on his person. However, he adamantly denied any intent to traffic, insisting the methamphetamine was for his personal use. The gist of McGrew's defense was a "Sam's Club" argument whereby he purchased methamphetamine in bulk in Arkansas because it was cheaper there than in Kentucky.

Unpersuaded by McGrew's testimony, the jury found him guilty of trafficking in methamphetamine. During the penalty phase, a probation and parole officer testified without objection that McGrew had been previously convicted in the McCracken Circuit Court of, among other offenses, first-degree trafficking in

methamphetamine and trafficking in marijuana. The jury found that McGrew had a previous trafficking conviction and recommended he be sentenced to eighteen years' imprisonment. The trial court sentenced McGrew in accordance with the jury's recommendation.

Soon after the final judgment was entered, McGrew filed a motion to "reconsider sentencing." According to the motion, the previous trafficking in methamphetamine conviction testified to by the probation and parole officer had been amended to possession of methamphetamine. No copy of any amended judgment accompanied McGrew's motion, though the Commonwealth did not contest his assertion that he had been convicted of possession of methamphetamine, not trafficking in methamphetamine.[1] However, the Commonwealth argued that amendment was irrelevant because McGrew unquestionably had also been previously convicted of trafficking in marijuana and thus his conviction of a second or subsequent trafficking offense was proper, even though the controlled substances in each conviction were different. The Commonwealth's assertion aligns with Kentucky law. *Commonwealth v.*

---

[1] Although not formally introduced into evidence, the record contains a document marked as Commonwealth's Trial Exhibit C, which purports to be a final judgment of the McCracken Circuit Court entered April 22, 2005, sentencing McGrew to a total of thirteen years' imprisonment for, among other offenses, first-degree trafficking in methamphetamine. The record contains no explanation as to how that conviction was apparently later amended to one for possession of methamphetamine.

*Churchwell*, 938 S.W.2d 586, 588 (Ky. App. 1996); *Jackson v. Commonwealth*, 319 S.W.3d 347, 351 (Ky. 2010); Kentucky Revised Statute (KRS) 218A.010(48). The trial court denied McGrew's motion, after which he filed this appeal.[2]

McGrew's first argument is that the trial court erred by refusing to declare a mistrial. "A motion for mistrial presents not only competing interests but also an unlimited number of varying and unique situations. For these reasons rigid, per se standards have been rejected." *Gould v. Charlton Co., Inc.*, 929 S.W.2d 734, 738 (Ky. 1996). However, precedent makes plain that a court should only grant a mistrial under egregious, compelling circumstances because

> a mistrial is an extreme remedy and should be resorted to only when there is a *fundamental defect* in the proceedings and there is a *manifest necessity* for such an action. The cause of the need for mistrial must be of such character and magnitude that a litigant will be denied a fair and impartial trial and the prejudicial effect can be removed in *no other way*.

*Commonwealth v. Padgett*, 563 S.W.3d 639, 645 (Ky. 2018) (internal quotation marks and citations omitted). In short, a mistrial is appropriate only if the situation presented is "of such character and magnitude that a litigant will be denied a fair and impartial trial and the prejudicial effect can be removed in no other way."

---

[2] We initially held this case in abeyance because there was no order from the Ballard Circuit Court resolving McGrew's motion, but we returned the matter to our active docket after the trial court issued an order denying the motion. The Commonwealth does not assert any procedural infirmities regarding McGrew's notice of appeal.

-4-

*Gould*, 929 S.W.2d at 738. We review a trial court's decision regarding a mistrial under the deferential abuse of discretion standard. *Padgett*, 563 S.W.3d at 645.

Under these facts, we discern no abuse of discretion. McGrew admitted intentionally possessing nearly eighteen grams of methamphetamine, and it is indisputable that methamphetamine is a controlled substance. Thus, the only real question the jury had to resolve to render its verdict on the trafficking in a controlled substance in the first-degree charge was whether McGrew possessed the methamphetamine with the intent to sell or transfer it or whether he possessed the methamphetamine with the intent to use it himself. *See* KRS 218A.1412(1)(b) (providing that a person is guilty of trafficking in a controlled substance in the first degree by knowingly and unlawfully trafficking in two or more grams of methamphetamine); KRS 218A.010(56) (providing that *traffic* "means to . . . possess with intent to . . . dispense[] or sell a controlled substance . . . ."); *Jones v. Commonwealth*, 567 S.W.3d 922, 926 (Ky. App. 2019) (intent to traffic may be inferred from possessing a large quantity of drugs). Thus, the fleeting testimony regarding McGrew having refused a blood test was wholly irrelevant to the issues before the jury and therefore McGrew has not shown that the testimony was so prejudicial as to the trafficking charge as to necessitate a mistrial.

We reject McGrew's contention that the trial court's approach here is an abuse of discretion because there is no precedent where we or our Supreme

Court approved a similar approach. Trial courts are required to make a multitude of decisions on-the-spot, often involving unique circumstances. The lack of a precise factual analogue in Kentucky precedent for a trial court's decision does not inherently make that decision an abuse of discretion. Instead, the decision of whether a mistrial was required must be determined on its own facts as there is no rigid, one-size-fits-all mistrial standard. *Gould*, 929 S.W.2d at 738. Moreover, it is not shocking that there is no factually similar case to this one since evidence of a defendant's refusal to take a blood test was generally deemed admissible in Kentucky courts in DUI cases until *McCarthy* was issued in 2021.

In fact, though not discussed in the parties' briefs, McGrew's counsel admitted at a bench conference held pursuant to her motion for a mistrial that McGrew's refusal to take a blood test was irrelevant to the trafficking charge. Specifically, at the bench conference the following colloquy occurred:

> THE COURT: This [the testimony about McGrew's refusal to take a blood test] has only to do with the DUI charge?
>
> DEFENSE COUNSEL: It does.
>
> THE COURT: It has nothing to do with the trafficking in [crosstalk].
>
> DEFENSE COUNSEL: It doesn't, but he was charged with DUI.

Video, 10/24/22, 11:16:52 *et seq.*

We acknowledge that McGrew's counsel later expressed fear that the jury would be prejudiced against McGrew even in relation to the trafficking charge due to hearing the blood test refusal testimony. However, that fear appears to be merely speculation by counsel since she had already admitted that the blood test evidence was wholly unrelated to the trafficking charge and McGrew later admitted that he was a methamphetamine user. Speculation of possible prejudice is insufficient to entitle McGrew to relief. Thus, although another court may have handled the unfortunate situation differently, we discern no abuse of discretion in the trial court's denial of a mistrial.[3]

---

[3] We deem irrelevant the trial court's curious decision to poll the jury after having dismissed the panel regarding whether the testimony about McGrew's refusal to take a blood test impacted the verdict. First, "[t]estimony from a juror regarding anything that occurred in the jury room is incompetent evidence to impeach the jury's verdict." *Commonwealth v. Abnee*, 375 S.W.3d 49, 53 (Ky. 2012). Second, the court's phrasing of the question indicated the answer it wished to hear (*i.e.*, the question was leading). Specifically, the court stated as follows: "if you heard it, did that statement [regarding McGrew's refusal to take a blood test] have any effect on your decision in regard to the trafficking in methamphetamine? That's the reason I took the DUI away and the traffic violation because I didn't want that to have any effect." Video, 10/24/22 at 2:50:05 *et seq*. The court then pointed at each individual juror, requiring each to answer in turn. The camera stayed fixed on the judge so we are not privy to each juror's reaction, nor can we hear some juror's responses, though we note the word "yes" can be heard at one point. Since the camera remained fixed on the court, we cannot know if the person who said "yes" was a juror. Regardless, even a juror answering "yes" to the court's question would not impeach the jury's verdict as our Supreme Court "has recognized the wisdom of the longstanding rule in this Commonwealth that a jury verdict cannot be impeached through the testimony of jurors as to what occurred in the jury room, except to show that the verdict was made by lot." *Abnee*, 375 S.W.3d at 53 (internal quotation marks and citation omitted). *See also, e.g.*, *Yeager v. United States*, 557 U.S. 110, 121, 129 S. Ct. 2360, 2367, 174 L. Ed. 2d 78 (2009) (holding, albeit in a different context, that "a jury speaks only through its verdict . . . ."). In sum, we may question the wisdom and efficacy of the trial court's decision to poll the jury after having dismissed it, especially via asking a leading question. However, the polling has no impact on our decision.

We now turn to McGrew's argument that he is entitled to a new sentencing phase due to the probation and parole officer's erroneous reference to McGrew having a previous conviction for trafficking in methamphetamine. The Commonwealth does not dispute that McGrew did not have a prior methamphetamine trafficking conviction. Thus, the probation and parole officer's testimony was an error, regardless of the Commonwealth's strange argument that it was not. We emphatically reject the Commonwealth's untenable position that there is no error inherent whenever a witness incorrectly recites a defendant's criminal history. *See Johnson v. Commonwealth*, 676 S.W.3d 405, 419 (Ky. 2023) (noting that our Supreme Court had previously "clearly held" that "[n]othing in KRS 532.055(2)(a) permits a jury to hear evidence during the penalty phase of prior charges that have been amended . . . . [I]t is also well settled that the Commonwealth cannot introduce evidence of charges that have been dismissed or set aside.") (internal quotation marks and citations omitted).

Nonetheless, the introduction of erroneous or inadmissible evidence does not automatically entitle a criminal defendant to relief, even if he or she timely objects. Kentucky Rule of Criminal Procedure (RCr) 9.24 ("No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order, or in anything done or omitted by the court or by any of the parties, is ground for granting a new trial or for setting aside a verdict or for vacating,

-8-

modifying or otherwise disturbing a judgment or order unless it appears to the court that the denial of such relief would be inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties."). Here, McGrew did not object to the erroneous testimony. Accordingly, the error is unpreserved and so McGrew is entitled to relief only if the error was sufficiently egregious to constitute a palpable error.

Our Supreme Court has memorably outlined the type of intolerable occurrence necessary to constitute a palpable error necessitating appellate relief as follows: "[o]nly if, upon review, a court can conclude the error is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process, will reversal be warranted. It should be so egregious that it jumps off the page . . . and cries out for relief." *Johnson*, 676 S.W.3d at 417 (internal quotation marks and citations omitted).

The erroneous testimony about McGrew having a previous methamphetamine conviction, while improper, falls short of that demanding standard because it is uncontested that McGrew had previously been convicted of trafficking in marijuana in the McCracken Circuit Court. KRS 218A.010(48) provides in relevant part that:

> an offense is considered as a second or subsequent
> offense, if, prior to his or her conviction of the offense,

the offender has at any time been convicted under this chapter, or under any statute of the United States, or of any state relating to substances classified as controlled substances or counterfeit substances . . . .

Both we and our Supreme Court have held that the broad statutory definition of *second or subsequent offense* means that a person may properly be convicted of a second or subsequent trafficking offense even if the prior trafficking conviction involved a different controlled substance. *Jackson*, 319 S.W.3d at 351 (upholding a second or subsequent trafficking in cocaine conviction because "KRS 218A.010(35) [now (48)] does not require that the underlying prior drug trafficking offense be a felony conviction in order for it to enhance a future conviction as a 'second or subsequent offense.' All that section requires is some conviction under Chapter 218 or any other state or federal law, a requirement Appellant's prior misdemeanor conviction [for trafficking in marijuana] clearly satisfies. Appellant's reasoning would require this Court to add additional language to the statute. This we will not do."); *Churchwell*, 938 S.W.2d at 587.

McGrew's prior trafficking in marijuana conviction is governed by KRS 218A.1421 and so it was a conviction pursuant to "this chapter[,]" under the terms of KRS 218A.010(48). That conviction thus sufficed for the jury to properly find McGrew guilty of a second or subsequent trafficking in methamphetamine offense. And it is uncontested the penalty range presented to the jury was correct

-10-

and unchanged, regardless of the fact that McGrew had a prior trafficking in marijuana conviction, not a prior trafficking in methamphetamine conviction.

Because there was evidence sufficient to support the jury's verdict that McGrew was guilty of a second or subsequent trafficking in methamphetamine offense, the probation and parole officer's erroneous testimony was not the earthshaking, verdict-altering, jurisprudentially intolerable mistake which constitutes a palpable error. *Davis v. Commonwealth*, 620 S.W.3d 16, 30 (Ky. 2021) ("To determine if an error is palpable, an appellate court must consider whether on the whole case there is a substantial possibility that the result would have been any different.") (internal quotation marks and citations omitted). Our conclusion that there is no substantial possibility that the result would have been different absent the incorrect testimony about the prior conviction for trafficking methamphetamine is reinforced by the fact that the sentence recommended by the jury, though significant, was less than the maximum possible sentence, even though the jury was erroneously led to believe that McGrew had a prior methamphetamine trafficking conviction.

For the foregoing reasons, the Ballard Circuit Court is affirmed.


ALL CONCUR.

-11-

BRIEFS FOR APPELLANT:

Travis Bewley
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Rachel A. Wright
Assistant Solicitor General
Frankfort, Kentucky