Rocky D. GRAY, Appellant

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2006–SC–000141–MR.

Supreme Court of Kentucky.

Sept. 20, 2007.

Randall L. Wheeler, Assistant Public Advocate, Department for Public Advocacy, Frankfort, KY, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, Kenneth Wayne Riggs, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

Appellant, Rocky D. Gray, was convicted by a Webster Circuit Court jury of trafficking in a controlled substance in the first degree, illegal possession of marijuana, and illegal possession of drug paraphernalia (subsequent offender), all of which were firearm-enhanced. Gray was also found guilty of being a persistent felony offender in the second degree and was sentenced to a total of fifty-eight (58) years, to be served consecutively. Gray now appeals to this Court as a matter of right. Ky. Const. § 110(2)(b). He asserts two arguments in his appeal: 1) that the trial court's order requiring the forfeiture of his money violates Kentucky's forfeiture law and his due process rights, and 2) that there were sufficient grounds requiring the court to order a competency evaluation of Gray. For the reasons set forth herein, we affirm Gray's convictions.

On February 19, 2005, Gray was pulled over by Deputy Steve Madden of the Webster County Sheriff's Department following several calls complaining of a van driving erratically. After refusing to take a sobriety test, Gray gave Deputy Madden consent to search the van, at which time Deputy Madden found drug paraphernalia including a hemostat with a marijuana cigarette, rolling papers, baggies, a digital scale, scooper, and ties. He also found several individually wrapped bundles of methamphetamine labeled with the weights on the bag, various pills including oxycontin and methadone, several packs of Sudafed, lithium batteries, and marijuana. In addition, he observed a pistol (with the serial number filed off) in the open center console of the van, which was within three to four feet of the bundled methamphetamine. While searching Gray's person, Deputy Madden found marijuana, two containers of methamphetamine, and $1,527.00 in currency.

## I. The forfeiture of Gray's money does not violate Kentucky's forfeiture law or Gray's due process rights.

Gray's first argument is that the forfeiture of the money found during Deputy Madden's search violates Kentucky forfeiture law and his due process rights. In particular, Gray argues that the forfeiture was improper because there was no connection between the money and the charged offenses since the money was not shown to have been exchanged in the sale of illegal drugs. In support of his argument, Gray points out that his conviction was not based on evidence regarding an actual sale or transfer of drugs, but rather upon evidence that he intended to do so. Gray further argues that the money originated from a cashed money order given to him by his girlfriend. However, the trial court refused to admit a photocopy of the money order into evidence because Gray failed to lay a proper foundation for it.

Kentucky's forfeiture statute, KRS 218A.410, permits the forfeiture of "[e]verything of value furnished ... in exchange for a controlled substance in viola-

tion of this chapter, all proceeds ... traceable to the exchange, and all moneys ... used, or intended to be used to facilitate any violation of this chapter." *Brewer v. Commonwealth,* 206 S.W.3d 313, 326 (Ky.2006). The statute further provides that it shall be a rebuttable presumption "that all moneys, coin, and currency found in close proximity to controlled substances, to drug manufacturing or distributing paraphernalia ... are presumed to be forfeitable under this paragraph." *Brewer,* 206 S.W.3d at 326.

■■■ "The Commonwealth may meet its initial burden of proof by producing slight evidence of traceability." *Id.* at 326. The Commonwealth must prove that "the currency or some portion of it had been used or *was intended* to be used in a drug transaction." *Osborne v. Commonwealth,* 839 S.W.2d 281, 284 (Ky.1992) (emphasis added). If the Commonwealth provides additional proof that the currency sought to be forfeited was found in close proximity then it is deemed sufficient to make a prima facie case. *Id.* "Thereafter, the burden is on the claimant to convince the trier of fact that the currency was not being used in the drug trade." *Id.* Thus, the trial court is vested with the discretion to determine whether the burdens contained in KRS 218A.410 are met as well as discretion in ordering the ultimate forfeiture. *Brewer,* 206 S.W.3d at 325.

■■ In the present case, the Commonwealth produced evidence that Deputy Madden found marijuana, two containers of methamphetamine, and $1,527.00 in currency on Gray's person. The considerable amount of money found on Gray coupled with the large amount of drugs found in Gray's van—including a large quantity of methamphetamine and drug paraphernalia—leads to a reasonable conclusion that Gray had used or, at the very least, intended to use the currency in an illegal drug transaction. *See Brewer v. Commonwealth,* 206 S.W.3d 313, 327 (Ky.2006) (stating that money found near marijuana coupled with Appellant's conviction of trafficking proved that the currency was traceable to the marijuana, which was sufficient to make a prima facie case). Thus, the burden shifted to Gray to rebut the presumption that the currency should not be forfeited, and he failed to do so. In its discretion, the trial court reasonably concluded that the currency should be forfeited. The trial court acted appropriately.

## II. There were no reasonable grounds to believe that Appellant was incompetent to stand trial.

Gray's next allegation of error is that the trial court failed to order a competency evaluation prior to sentencing. At the sentencing, Gray's counsel informed the court that he had just learned that Gray had mental health problems and had not received his medications during trial. A letter written by a certified psychologist was filed at the hearing and stated:

Mr. Gray is currently being treated for depression, with psychotic features and a panic disorder. The psychotic symptoms that he has causes him many problems dealing with his other problems. Recently there has been some evidence of cycling moods and OCD (Obsessive Compulsive Disorder) symptoms. He has been treated at this office since 2001. He sees the psychiatrist and is in counseling.

The letter further stated that Gray's physical problems, including diabetes, neuropathy, bad eyes, poor hearing, and leg injuries, as well as prior substance abuse, had increased his depression and panic symptoms.

Gray's counsel requested that the court grant a new trial, or in the alternative, hold sentencing in abeyance until an evalu-

ation could be done to determine Gray's capacity. After reviewing the history of the case, the trial court ruled that there were no reasonable grounds to believe that Gray was incompetent, and denied the request.

KRS 504.100(1) requires a court to appoint a psychologist or psychiatrist to examine, treat and report on the defendant's mental condition whenever the court has reasonable grounds to believe that the defendant is incompetent to stand trial. KRS 504.060(4) defines incompetency to stand trial as where, because of a mental condition, the defendant lacks the capacity to appreciate the nature and consequences of the proceedings against him or to participate rationally in his own defense. The standard of review in regard to holding a competency hearing is, "Whether a reasonable judge ... should have experienced doubt with respect to competency to stand trial." *Mills v. Commonwealth*, 996 S.W.2d 473, 486 (Ky.1999). "It is within the trial court's discretion to determine whether there are 'reasonable grounds' to believe a defendant may be incompetent to stand trial." *Bishop v. Caudill*, 118 S.W.3d 159, 161 (Ky.2003). "However, once facts known to the trial court are sufficient to place a defendant's competency at issue, an evaluation and evidentiary hearing are mandatory." *Id.*

In this case, the denial of the request was proper. The trial court took into consideration the fact that the case had been ongoing for a year with no sign of incompetency from Gray. Gray testified competently, and spoke clearly and intelligently while answering his counsel's questions. On cross-examination Gray was clever and evasive with his answers. Even Gray's counsel admitted that he did not detect any signs of mental illness throughout the representation. Gray fully communicated with his attorney and participated rationally in his own defense. There being no contrary evidence to support or reasonably believe that the problems he was being treated for rose to the level of incompetency, the trial judge did not abuse her discretion in rejecting Gray's late request for a competency hearing. Thus, no error occurred.

For the reasons set forth herein, the judgment and sentence of the Webster Circuit Court is affirmed.

LAMBERT, C.J.; CUNNINGHAM, MINTON, NOBLE and SCHRODER, JJ., concur.

ABRAMSON, J., not sitting.