RENDERED: AUGUST 26, 2010
TO BE PUBLISHED
FINAL
DATE *Althea Hicks* 9-16-10

# Supreme Court of Kentucky

2009-SC-000003-MR

FREDERICK JACKSON                                       APPELLANT

           ON APPEAL FROM MCCRACKEN CIRCUIT COURT
V.               HONORABLE CRAIG Z. CLYMER, JUDGE
                       NO. 05-CR-00500

COMMONWEALTH OF KENTUCKY                  APPELLEE

## OPINION OF THE COURT BY JUSTICE CUNNINGHAM

### AFFIRMING

On September 8, 2005, Appellant, Frederick Jackson, was arrested in Future City, Kentucky, after law enforcement officials set up a controlled drug buy with cooperating witness, Kimberly Pace. According to the testimony of Pace, she called Appellant and told him that she wanted to buy approximately $300.00 worth of crack cocaine. Pace, in working with law enforcement, went to the local IGA store and raised the hood of her car, as if she had car trouble. She called Appellant, informing him that she could not come to his location due to car trouble. Appellant then came to the IGA store. Once there, Pace entered Appellant's vehicle and purchased crack cocaine. At the end of the buy, Pace gave a pre-arranged signal to the police and exited the vehicle. Police officers then approached the car and arrested Appellant. A search incident to arrest revealed 9.4 grams of crack cocaine in Appellant's pocket, 14 grams of

crack cocaine in Appellant's sock, and $3,878.00 in cash, which included the $300.00 paid by Pace. During the search of Appellant's vehicle, officers also found two "blunts" containing marijuana on the front passenger-side floor board. A "blunt" is a hollowed-out cigar with marijuana in place of the tobacco.

Appellant waived his right to a jury trial and a bench trial followed. After the presentation of evidence, Appellant was found guilty of first-degree trafficking in a controlled substance, possession of drug paraphernalia, and possession of marijuana. The Commonwealth then introduced evidence showing Appellant had been previously convicted in the McCracken District Court of trafficking in marijuana.[1] The trial court found this evidence sufficient to support the enhancement of the trafficking charge to a second offense, as defined by KRS 218A.010(35). The trial court also found Appellant guilty of being a second-degree persistent felony offender. Appellant was sentenced to twenty-five years in prison, as enhanced by the PFO conviction. He now appeals the final judgment entered as a matter of right. Ky. Const. § 110(2)(b).

Appellant raises the following allegations of error on appeal: (1) the trial court erred in finding Appellant competent to stand trial, and because of Appellant's alleged incompetence, he could not make a valid waiver of counsel; and (2) the trial court impermissibly used a prior misdemeanor marijuana trafficking offense to enhance the felony cocaine trafficking conviction.

_____

[1] Case No. 03-M-1872.

2

### *Appellant's competency*

Appellant argues that the trial court erred in finding him competent to stand trial. Specifically, Appellant argues that the competency evaluation and report relied on by the trial court was not current, and that Appellant's erratic behavior should have caused the trial court to *sua sponte* order an updated evaluation. We disagree.

A defendant is competent to stand trial if he "has a substantial capacity to comprehend the nature and consequences of the proceedings against him and to participate rationally in his defense." *Alley v. Commonwealth*, 160 S.W.3d 736, 739 (Ky. 2005) (citing *Commonwealth v. Strickland*, 375 S.W.2d 701 (Ky. 1964)). "A competency determination is based on the preponderance of the evidence standard." *Chapman v. Commonwealth*, 265 S.W.3d 156, 174 (Ky. 2007). We review a trial court's finding of competency for clear error and will reverse only if it is not supported by substantial evidence. *Id.*

In response to a motion filed by Appellant's trial counsel on March 9, 2007, the trial court ordered a competency evaluation. Appellant was examined by Dr. Stephen Free in July 2007, and his report was submitted in August 2007. Sometime after his evaluation at the Kentucky Correctional Psychiatric Center (KCPC), Appellant was transferred to the custody of the state of Illinois until some point between June 13, 2008 and July 25, 2008. A competency hearing was later set for September 16, 2008.

At the competency hearing, Dr. Free was the sole witness called. Dr.

3

Free testified that he spoke to Appellant about his understanding of the legal process and did not find Appellant suffered from any mental condition which would affect or interfere with his ability to comprehend the nature of the proceedings, or interfere with his ability to rationally participate in his defense. Dr. Free believed that Appellant was competent to stand trial. Further, Dr. Free stated that, assuming Appellant had remained drug-free while incarcerated during the time since the evaluation, he would not expect to see any change in Appellant's condition, barring some catastrophic event. No medication for any medical or mental condition was given to Appellant at the time of his evaluation, nor did his treatment while at KCPC include any prescribed medication. Dr. Free ultimately reaffirmed his belief that Appellant was competent to stand trial at the time of the competency hearing. As Appellant offered no evidence to rebut the claims of Dr. Free, we conclude that the trial court's decision was based upon substantial evidence showing that Appellant was competent to stand trial.

Appellant, however, maintains that the trial court should have ordered an updated evaluation of his competency. However, before a trial court may *sua sponte* order a mental health evaluation of a defendant, "the reasonable grounds must be called to the attention of the trial court by the defendant or must be so obvious that the trial court cannot fail to be aware of them." *Via v. Commonwealth*, 522 S.W.2d 848, 849-50 (Ky. 1975). Initially, after the competency hearing, there was no suggestion by Appellant's attorney, the

4

Commonwealth, or the trial court, all of whom were in a position to observe Appellant's behavior at the hearings and during the trial, that Appellant was unable to consult with his lawyer with a reasonable degree of rational understanding of the nature of the proceedings. Appellant appeared in court for every proceeding and the record demonstrates nothing in Appellant's demeanor at these proceedings that should have given the trial court reason to doubt his competency. We fail to see how the trial court had "reasonable grounds to believe the defendant [was] incompetent to stand trial" in the period of time between the initial determination of competency and the trial. KRS 504.100(1).

Additionally, Appellant contends that, because of the filing of multiple, unintelligible *pro se* pleadings which refer to constitutional provisions and statutes with little or no bearing on the issues in dispute, the trial court had reasonable grounds to conduct another competency evaluation. However, this is only one factor among many to consider. *See Mills v. Commonwealth,* 996 S.W.2d 473, 486 (Ky. 1999) ("Evidence of a defendant's irrational behavior, his demeanor in court, and any prior medical opinion on competence to stand trial are all relevant facts for a court to consider."). These pleadings, by themselves, are simply insufficient to alert the trial court to question Appellant's competency. *Pro se* pleadings are not held to the same standard as those prepared by an attorney. *Case v. Commonwealth,* 467 S.W.2d 367, 368 (Ky. 1971). In addition, Appellant had been observed by this very trial judge for a

period of approximately four years, both during the pendency of this case, as well as a prior proceeding in the McCracken Circuit Court in which Appellant was deemed competent to stand trial.[2] Appellant has pointed to no "circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975).

Simply stated, Appellant has failed to meet the burden of demonstrating that he was not competent to stand trial, nor does he offer any evidence to rebut the conclusions by Dr. Free that he was competent to stand trial. "A State may presume that the defendant is competent and require him to shoulder the burden of proving his incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 355 (1996) (citing *Medina v. California*, 505 U.S. 437, 449 (1992)). Accordingly, we find no error in the trial court's failure to order another competency evaluation.

We, therefore, must also disagree with Appellant's suggestion that he could not validly waive his right to counsel. "The standard for determining a defendant's competency to waive counsel is the same standard used to determine if a defendant is competent to stand trial." *Chapman*, 265 S.W.3d at 166 (citing *Godinez v. Moran*, 509 U.S. 389, 399 (1993)). As Appellant was competent to stand trial, so, too, was he competent to waive his right to counsel.

---

[2] Case No. 04-CR-00306-002.

***Prior misdemeanor marijuana trafficking offense enhancing the felony cocaine trafficking conviction***

Lastly, Appellant argues that the trial court impermissibly found his conviction of trafficking in a controlled substance (cocaine) to be a second offense by virtue of his prior misdemeanor conviction of trafficking in a controlled substance (marijuana). Appellant suggests that we reject the reasoning of *Commonwealth v. Churchwell*, 938 S.W.2d 586 (Ky.App. 1996), and hold that the underlying prior drug trafficking offense must be a felony conviction in order for it to enhance a future conviction as a "second or subsequent offense" under KRS 218A.1412(2).

KRS 218A.010(35) defines a "second or subsequent offense" in pertinent part as follows:

> "Second or subsequent offense" means that for the purposes of this chapter an offense is considered as a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter, or under any statute of the United States, or of any state relating to substances classified as controlled substances or counterfeit substances, except that a prior conviction for a nontrafficking offense shall be treated as a prior offense only when the subsequent offense is a nontrafficking offense. For the purposes of this section, a conviction voided under KRS 218A.275 or 218A.276 shall not constitute a conviction under this chapter[.]

In *Churchwell*, the Court of Appeals stated the following:

> KRS 218A.1421(2)(b) permits a felony conviction on a marijuana trafficking charge if it is a "second or subsequent offense." Despite [Appellant's] argument to

7

the contrary the language of [KRS 218A.010(35)], which defines a "second or subsequent offense" as being one which occurs after any prior conviction under KRS Chapter 218 or any other state or federal law, clearly does not require the underlying prior drug trafficking conviction to be a conviction for trafficking in marijuana in order for it to be relied upon to enhance a subsequent conviction pursuant to KRS 218A.1421(2).

*Id.* at 587.

The same holds true for a conviction under KRS 218A.1412(2) for first-degree trafficking in a controlled substance. By its terms, KRS 218A.010(35) does not require that the underlying prior drug trafficking offense be a felony conviction in order for it to enhance a future conviction as a "second or subsequent offense." All that section requires is some conviction under Chapter 218 or any other state or federal law, a requirement Appellant's prior misdemeanor conviction clearly satisfies. Appellant's reasoning would require this Court to add additional language to the statute. This we will not do. *See Commonwealth v. Reynolds,* 136 S.W.3d 442, 445 (Ky. 2004) ("We should not add or subtract from the statute, nor should we interpret the statute to provide an absurd result."). Accordingly, we find no error by the trial court.

The judgment of the McCracken Circuit Court is hereby affirmed.

All sitting. All concur.

8

COUNSEL FOR APPELLANT:


Shelly R. Fears
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601-1133


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General

Jason Bradley Moore
Assistant Attorney General
Office of Criminal Appeals
Attorney General's Office
1024 Capitol Center Drive
Frankfort, KY 40601-8204