RENDERED: APRIL 3, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0375-MR

DAVID MARTIN                                                          APPELLANT

v.

APPEAL FROM BATH CIRCUIT COURT
HONORABLE ELIZABETH H. DAVIS, JUDGE
ACTION NO. 21-CR-00103

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, L. JONES, AND TAYLOR, JUDGES.

JONES, L., JUDGE: David Martin brings this appeal from a February 20, 2024

Order Denying Defendant's Motion for Return of Property and Reinstating Prior

Order of Forfeiture and Destruction entered in the Bath Circuit Court. We affirm.

On August 5, 2021, Martin was indicted by a Bath County Grand Jury

upon one count of Trafficking in a Controlled Substance, First Degree,

Methamphetamine (KRS[1] 218A.1412) While in Possession of a Firearm (KRS 218A.992); one count of Trafficking in a Controlled Substance, First Degree, Hydrocodone (KRS 218A.1412) While in Possession of a Firearm (KRS 218A.992); and one count of Possession of Drug Paraphernalia (KRS 218A.500(2).

On October 21, 2021, Martin accepted the Commonwealth's Offer on a Plea of Guilty. Pursuant to the Commonwealth's Offer, the firearm enhancement pursuant to KRS 218A.500(2) was removed from both counts of First-Degree Trafficking in a Controlled Substance. Martin entered a plea of guilty to the amended counts of Trafficking in a Controlled Substance, First Degree, Methamphetamine (TICS 1st – Meth); Trafficking in a Controlled Substance, First Degree, Hydrocodone (TICS 1st – Hydrocodone); and Possession of Drug Paraphernalia. The Commonwealth's Offer also recommended six-years' imprisonment on the TICS 1st – Meth; five-years' imprisonment on the TICS 1st – Hydrocodone; and twelve months on the Possession of Drug Paraphernalia. Particularly relevant to this appeal, the Commonwealth's Offer further provided for "forfeiture of all money seized; guns to be returned to named family members by separate order and tools to be returned to [Martin]." By Order entered October 25, 2021, the circuit court accepted Martin's guilty plea to the amended charges and sentencing was set for November 18, 2021. Sentencing was continued on a few

---

[1] Kentucky Revised Statutes.

occasions pursuant to various requests by Martin's counsel and was eventually scheduled for March 17, 2022. On that date, counsel for Martin informed the court that Martin was having doubts regarding his guilty plea and requested that sentencing be continued until April 21, 2022. The circuit court agreed to continue the case until April 21, 2022, and ordered Martin to have a drug test that day; Martin failed to do so. The circuit court issued a warrant of arrest for Martin and he was subsequently arrested on September 18, 2023.

Martin appeared before the circuit court September 21, 2023, and sentencing was set for October 19, 2023. The court pointed out that "Martin had new charges in Bath County, including multiple counts of trafficking in a controlled substance, two counts of being a convicted felon in possession of a handgun, and nine counts of being a convicted felon in possession of a firearm." Appellee's Brief at 1-2. Martin appeared before the circuit court for sentencing on October 19, 2023. Counsel for Martin informed the court that Martin wished to withdraw his guilty plea. Counsel also informed the court she had not represented Martin when he entered his guilty plea, and she needed more time to familiarize herself with the case so she could adequately advise Martin regarding the withdrawal of his guilty plea. Despite counsel's objection, the court proceeded and sentenced  Martin as follows:  six-years' imprisonment upon TICS 1st – Meth; five-years' imprisonment upon TICS 1st – Hydrocodone; and twelve-months'

incarceration upon Possession of Drug Paraphernalia. The sentences were to run concurrently for a total of six-years' imprisonment.

On November 9, 2023, an order of forfeiture and destruction (Forfeiture Order) was entered. Relevant to this appeal, the Forfeiture Order provided:

> 1. All firearms seized shall be returned to family members by separate order;
>
> . . .
>
> 3. All tools shall be returned to [Martin]. He or his family member must pick up the items from the Owingsville Police Department within 30 days or items will be destroyed by the Owingsville Police Department;
>
> . . .
>
> 12. Large bank box with knife collection shall be forfeited to the Owingsville Police Department.
>
> 13. LED smart TV shall be forfeited to the Owingsville Police Department.

Record (R.) at 88-89.

On December 8, 2023, Martin filed a Motion to Set Aside Order of Forfeiture and Destruction (Motion to Set Aside). Martin pointed out that three of the items listed to be destroyed or forfeited were not included in the Commonwealth's Offer which he accepted. More particularly, the knife collection and an LED smart television were not specifically mentioned in the plea

-4-

agreement. Martin asserted "that all items not included in the plea agreement [should] be returned to the Defendant or a member of Defendant's family." December 8, 2023, Motion To Set Aside at 2; R. at 91. The Commonwealth responded to Martin's motion stating all property seized was to be forfeited unless it was specifically ordered to be returned to Martin or his family. The court set a forfeiture hearing to determine disposition of the knife collection and television. Following the hearing, the circuit court entered an Order Denying Defendant's Motion for Return of Property & Reinstating Prior Order of Forfeiture and Destruction. This appeal follows.

Martin contends the circuit court erred by ordering the forfeiture of the knife collection and the television. More particularly, Martin asserts that the trial court made no findings regarding the traceability of the of the items as required by KRS 218A.410(1)(j).

KRS 218A.410(1)(j) provides that the following are subject to forfeiture:

> (j) Everything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of this chapter, all proceeds, including real and personal property, traceable to the exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of this chapter; except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by him or her to have been committed or omitted without his or her

-5-

knowledge or consent. It shall be a rebuttable presumption that all moneys, coin, and currency found in close proximity to controlled substances, to drug manufacturing or distributing paraphernalia, or to records of the importation, manufacture, or distribution of controlled substances, are presumed to be forfeitable under this paragraph. The burden of proof shall be upon claimants of personal property to rebut this presumption by clear and convincing evidence. . . .

And the burden of proof upon a forfeiture was set forth by the Kentucky Supreme Court in *Gray v. Commonwealth,* 233 S.W.3d 715, 717 (Ky. 2007):

"The Commonwealth may meet its initial burden of proof by producing slight evidence of traceability." *Id.* at 326. The Commonwealth must prove that "the currency or some portion of it had been used or *was intended* to be used in a drug transaction." *Osborne v. Commonwealth*, 839 S.W.2d 281, 284 (Ky.1992) (emphasis added). If the Commonwealth provides additional proof that the currency sought to be forfeited was found in close proximity then it is deemed sufficient to make a prima facie case. *Id.* "Thereafter, the burden is on the claimant to convince the trier of fact that the currency was not being used in the drug trade." *Id.* Thus, the trial court is vested with the discretion to determine whether the burdens contained in KRS 218A.410 are met as well as discretion in ordering the ultimate forfeiture. *Brewer*, 206 S.W.3d at 325.[2]

---

[2] *See Brewer v. Commonwealth*, 206 S.W.3d 343, 348 (Ky. 2006) (holding that although "firearms are not specifically mentioned in the statute, they are 'personal property' and, thus, are *subject to* forfeiture"). Likewise, the knife collection and television at issue in the case *sub judice* are also personal property subject to forfeiture.

In the case *sub judice*, the Commonwealth produced the required slight evidence of traceability through Officer Southerland's testimony. Officer Southerland testified that both the knife collection and the television were found in close proximity to the drugs that Martin was charged with trafficking. Southerland further testified that law enforcement had been watching Martin's residence and had never seen him work in his shop and did not believe Martin had any other source of income with which to purchase the knives or television. The television had a pick-up tag with another individual's name on it, suggesting that Martin did not purchase the television; rather it was likely traded for drugs. Martin insists that since Southerland testified to his belief that neither the knife collection nor television had been used to prepare or distribute drugs, the items should be returned to Martin or his family. This assertion is without merit. The Commonwealth's theory, which the testimony supported, was that the knives and television were found in close proximity to the drugs, Martin had no other source of income with which to purchase the knives and television, and as the television pick-up tag contained another individual's name, it was likely the television had been traded for drugs. The Commonwealth's evidence was sufficient to make the *prima facie* case. Therefore, the burden shifted to Martin to rebut the presumption that the knife collection and television should not be forfeited, and he failed to do

so. *See Gray*, 233 S.W.3d at 717. Thus, the circuit court reasonably concluded that the knife collection and television were properly forfeited. We agree.

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, the February 20, 2024 Order Denying Defendant's Motion for Return of Property & Reinstating Prior Order of Forfeiture and Destruction is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kathleen K. Schmidt
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky